# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| Tony Vanderhorst, *et al.*, ) | C/A No. 2:23-3594-RMG |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | **ORDER AND OPINION** |
| City of Georgetown, *et al.*, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Before the Court is Defendants' motion to dismiss. (Dkt. No. 4). For the reasons set forth below, the Court rules as follows.

## **Background**

Plaintiffs Tony Vanderhorst, Evelyn McCray, and Willie Singleton are allegedly property owners in Georgetown, South Carolina. (Dkt. No. 1-1 at 27). Plaintiffs allege that Defendants, including the City of Georgetown, a former mayor, and other former or current employees or city council members, violated their constitutional rights. Plaintiffs appear to bring claims under the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution.

On July 27, 2023, Defendants moved to dismiss the amended complaint. (Dkt. No. 4 at 1-3). Plaintiffs filed a response in opposition, (Dkt. No. 8), to which Defendants filed a reply, (Dkt. No. 12).

Defendants' motion is fully briefed and ripe for disposition.

**Legal Standard**

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits the dismissal of an action if a complaint fails "to state a claim upon which relief can be granted." To survive a motion to dismiss, the complaint must provide enough facts to "'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also* Fed. R. Civ. Pro. 8(a)(2). A complaint has "facial plausibility" where the pleading "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 at 679. The district court's "inquiry then is limited to whether the allegations constitute a short and plain statement of the claim showing that the pleader is entitled to relief." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (internal quotation marks and citation omitted). The court must "assume the truth of all facts alleged in the complaint and the existence of any fact that can be proved, consistent with the complaint's allegations," but it "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000).

**Discussion**

First, Defendants argue Plaintiffs' entire lawsuit should be dismissed because "[t]he same claims Plaintiffs assert in this matter have already been decided by [the Court] in a lawsuit brought by Plaintiff Wille Singleton" captioned *Singleton v. City of Georgetown, et al.*, Case No. 2:20-116-RMG. *See* (Dkt. No. 4-1) (attaching copy of order granting defendants summary judgment in said matter).

*Res judicata* principles dictate that "a prior judgment between the same parties can preclude subsequent litigation on those matters actually and necessarily resolved in the first adjudication."

*In re Varat Enters., Inc.,* 81 F.3d 1310, 1314–15 (4th Cir.1996). The doctrine encompasses two concepts: 1) claim preclusion; and 2) issue preclusion, or collateral estoppel. *Id.* at 1315 (citing *Allen v. McCurry,* 449 U.S. 90, 94, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980)). Claim preclusion provides that if the later litigation arises from the same cause of action as the first, then the judgment in the prior action bars litigation "not only of every matter actually adjudicated in the earlier case, but also of every claim that might have been presented." *Id.* at 1315 (citing *Nevada v. United States,* 463 U.S. 110, 129–30, 103 S.Ct. 2906, 77 L.Ed.2d 509 (1983)). Issue preclusion, on the other hand, applies only when the later litigation arises from a different cause of action between the same parties. *Id.* Issue preclusion bars subsequent litigation of those legal and factual issues common to both actions that were "'actually and necessarily determined by a court of competent jurisdiction in the first litigation.'" *Id.* (quoting *Montana v. United States,* 440 U.S. 147, 153, 99 S.Ct. 970, 59 L.Ed.2d 210 (1979)). Therefore, "while issue preclusion applies only when an issue has been actually litigated, claim preclusion requires only a valid and final judgment." *Hearne v. Sherman,* No. 1:95CV00426, 2002 WL 31942142, at *2 (M.D.N.C. Nov.12, 2002).

Here, Vanderhorst and McCray were not parties to Singleton's prior suit. Nevertheless, Defendants argue Vanderhorst and McCray are in privity with Singleton such that *res judicata* bars their claims in the instant matter. *Martin v. Am. Bancorporation Ret. Plan*, 407 F.3d 643, 651 (4th Cir. 2005) ("To be in privity with a party to a former litigation, the non-party must be 'so identified in interest with a party to former litigation that he represents precisely the same legal right in respect to the subject matter involved.'"). "There are three generally recognized categories of non-parties who will be considered in privity with a party to the prior action and who will therefore be bound by a prior adjudication: (1) a non-party who controls the original action; (2) a

3

successor-in-interest to a prior party; and (3) a non-party whose interests were adequately represented by a party to the original action." *Id.*

The Court denies Defendants' arguments as to *res judicata*. As a preliminary matter, Defendants provide no specific argument explaining how Singleton's prior action and the instant action involve the same claims or why the issues in the instant case should have been raised in prior proceedings. *See* (Dkt. No. 4 at 1-2); (Dkt. No. 12 at 1-2); *Lindemann-Moses v. Jackmon*, No. 1:20CV655, 2022 WL 17526745, at *3 (M.D.N.C. Dec. 8, 2022) (noting that the "court is not expected to advance a [] litigant's claim or argument"); *Leibelson v. Cook*, 761 F. App'x 196, 202–03 (4th Cir. 2019) ("A court should not 'act as a [party's] lawyer and construct the party's theory of liability.'"). Further, Defendants have not established how Vanderhorst or McCray are in privity with Singleton under the above cited case law. Last, it appears that the incidents alleged in the amended complaint occurred *after* the Court issued the above cited order in *Singleton*, further undermining Defendants' argument. Accordingly, Defendants' motion to dismiss dismissed is denied as to *res judicata*.

Next, Defendants argue that all claims against the Defendants in their official capacities should be dismissed.[1] (Dkt. No. 4 at 2). Plaintiffs do not address this argument in their response in opposition. (Dkt. No. 8). Defendants' motion is granted to the extent that the Court dismisses all claims against Defendants in their official capacities. *Kline v. Cleveland Cnty.*, No.

---

[1] Defendants also argue in passing that the amended complaint should be dismissed because "Plaintiffs have failed to properly serve one or more Defendants." Defendants, however, provide no detail whatsoever on this point. (Dkt. No. 4 at 2). Accordingly, the Court rejects the argument. The Court likewise rejects Defendants' argument that Vanderhorst's claims should be dismissed because he "was found criminally guilty by a jury of his peers for the same ordinance which he complains of in the present action." Defendants again provide no specific argument as to why the alleged conviction requires dismissal of Vanderhorst's claims as pled in the amended complaint. (*Id.*).

119CV00197MOCWCM, 2020 WL 2858238, at *2 (W.D.N.C. June 2, 2020) ("As the Supreme Court has explained, there is no 'need to bring official-capacity actions against local government officials, for, under *Monell*[,] local government units can be sued directly for damages and injunctive or declaratory relief.' Indeed, the Fourth Circuit has held that official capacity claims may be dismissed when they are redundant with claims against local government units.") (internal citations omitted); *see Ridpath v. Bd. of Governors Marshall Univ.*, 447 F.3d 292, 307 n.13 (4th Cir. 2006).

Last, Defendants argue that qualified immunity bars Vanderhorst and McCray's claims. (Dkt. No. 12 at 3) ("There is no way that any of the individually named Defendants would have been on notice that implementing and enforcing the local codes and ordinances at issue would be a violation of Plaintiffs' Constitutional rights in light of the Order on Singleton's initial case granting summary judgment as to all of his Constitutional claims.").

When a qualified-immunity defense is raised, the Court applies a two-prong test to determine the following: (1) whether the facts viewed in Plaintiff's favor make out a violation of his constitutional rights, and (2) whether that violated right was clearly established at the time. *Stanton v. Elliott*, No. 21-1197, 2022 WL 288012, at *4 (4th Cir. Feb. 1, 2022); *see also Pearson v. Callahan*, 555 U.S. 223, 231 (2009). Plaintiff bears the burden on the first prong, and Defendants bear the burden on the second prong. *Stanton*, 2022 WL 288012, at *4 (citing *Henry v. Purnell*, 501 F.3d 374, 377–78 & n.4 (4th Cir. 2007)).

When inquiring whether a constitutional right is clearly established, a court must first "define the precise right into which [it is] inquiring." *Est. of Armstrong ex rel. Armstrong v. Vill. of Pinehurst*, 810 F.3d 892, 907 (4th Cir. 2016). After defining the right, the court then asks whether it was clearly established at the time the officers acted. *Id.* A right satisfies this standard

5

when it is "sufficiently clear that every reasonable official would have understood that what he is doing violates that right." *Mullenix v. Luna*, 577 U.S. 7, 11 (2015); *Hill v. Crum*, 727 F.3d 312, 321 (4th Cir. 2013).

For a right to be clearly established, "existing precedent must have placed the statutory or constitutional question beyond debate," *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011); *see City & Cnty. of San Francisco v. Sheehan*, 575 U.S. 600, 611 (2015) ("This exacting standard gives government officials breathing room to make reasonable but mistaken judgments by protecting all but the plainly incompetent or those who knowingly violate the law.") (internal quotation marks omitted). "This is not to say that an official action is protected by qualified immunity unless the very action in question has previously been held unlawful, but it is to say that in the light of pre-existing law the unlawfulness must be apparent." *Armstrong*, 810 F.3d at 907 (quoting *Wilson v. Layne*, 526 U.S. 603, 615 (1999)). Indeed, a right may be clearly established if "a general constitutional rule already identified in the decisional law applies with obvious clarity to the specific conduct in question." *Booker v. S.C. Dep't of Corr.*, 855 F.3d 533, 543 (4th Cir. 2017) (alterations omitted) (quoting *Hope v. Pelzer*, 536 U.S. 730, 741 (2002)); *see also Owens ex rel. Owens v. Lott*, 372 F.3d 267, 279 (4th Cir. 2004) (stating that a right may be clearly established if it is "manifestly apparent from broader applications of the constitutional premise in question"). Thus, officers can be "on notice that their conduct violates established law even in novel factual circumstances." *Armstrong*, 810 F.3d at 907 (quoting *Hope*, 536 U.S. at 741).

Nonetheless, even though general statements of law may provide notice, courts must not "define clearly established law at a high level of generality," *Mullenix*, 577 U.S. at 12 (quoting *al-Kidd*, 563 U.S. at 742); *see Dolgos*, 884 F.3d at 179. Rather, courts must examine "whether the violative nature of *particular* conduct is clearly established." *Mullenix*, 577 U.S. at 12 (emphasis

6

in original) (quoting *al-Kidd*, 563 U.S. at 742). This examination is "undertaken in light of the specific context of the case, not as a broad general proposition." *Id.* (quoting *Brosseau v. Haugen*, 543 U.S. 194, 198 (2004)).

      The Court denies Defendants' motion on this final point. Defendants bear the burden of establishing whether the allegedly violated rights were clearly established at the time they occurred. Here, Defendants simply state that there "is no way that any of the individually named Defendants would have been on notice that implementing and enforcing the local codes and ordinances at issue would be a violation of Plaintiffs' Constitutional rights in light" of the Court's summary judgment order in *Singleton*. (Dkt. No. 12 at 3). This barebones argument does not address the specific factual allegations in the amended complaint. Further, the Court's order in *Singleton* did not address a claim for malicious prosecution, undermining Defendants' arguments. At bottom, if Defendants believed they were entitled to qualified immunity, it was incumbent upon them to explain in detail why, as to each specific claim set forth in Plaintiffs' amended complaint, the Court should grant such relief. Defendants have failed to do, and accordingly the motion is denied on this final point. *See Lindemann-Moses v. Jackmon*, No. 1:20CV655, 2022 WL 17526745, at *3 (M.D.N.C. Dec. 8, 2022) (noting that the "court is not expected to advance a [] litigant's claim or argument"); *Leibelson v. Cook*, 761 F. App'x 196, 202–03 (4th Cir. 2019) ("A court should not 'act as a [party's] lawyer and construct the party's theory of liability.'").

**Conclusion**

For the foregoing reasons, the Court **GRANTS IN PART** and **DENIES IN PART** Defendants' motion to dismiss (Dkt. No. 4). The motion is **GRANTED** to the extent that the Court dismisses all claims against the individual defendants in their official capacities. The motion is otherwise **DENIED.**

**AND IT IS SO ORDERED.**

s/Richard M. Gergel<br>Richard Mark Gergel<br>United States District Court Judge

September 14, 2023
Charleston, South Carolina